UNITED STATES BANKRUPTCY COURT
For the District of Colorado

In re:

Declaration Brewing Company, Inc.,
EIN: 45-3520112

Debtor.

ZB, N.A. dba Vectra Bank Colorado, movant

Case No. 20-14410-JGR

CHAPTER 7

## ZB, N.A., dba VECTRA BANK COLORADO'S MOTION FOR RELIEF FROM AUTOMATIC STAY PURSUANT TO 11 U.S.C. SEC. 362

**ZB, N.A., dba VECTRA BANK COLORADO, ("Vectra Bank"),** by and through its attorneys, **Overturf McGath & Hull, P.C.,** moves for an order granting relief from the automatic stay in this action in order to foreclose personal property, and as grounds therefore states as follows:

1. Debtor Declaration Brewing Company ("Debtor") filed a Petition for Relief under Chapter 7 of the Bankruptcy Code on June 26, 2020. Debtor is a Corporation and therefore is not and has not been in the military service.

2. Jeanne Jagow was appointed Chapter 7 Trustee and continues to act in that capacity.

3. On July 19, 2016, Debtor executed and delivered to Vectra Bank a Promissory Note in the amount of $118,363 ("Note"). Vectra Bank is the holder of the Note and has possession of the original Note. (A copy of the Note is attached hereto as Exhibit 1).

4. By terms of said Note, Debtor promised to pay Vectra Bank the principal amount of $118,363, plus interest pursuant to the terms of the Note.

5. The Note is secured by a Commercial Security Agreement dated July 19, 2016 and executed by Debtor ("Security Agreement"). The Security Agreement provided security in the following items: One (1) Twist Rinse Set 12 oz with water catch and half coupling; One (1) Ionized Air Rinser; One (1) CCL-45M Mobile Filling System Serial Number D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-16, with Five (5) Head Counter Pressure Filler, Four (4) Head Rotary Seamer, and System Toolbox;

One (1) Discharge Conveyor with Rinser and Dryer. (hereinafter collectively "Collateral"). (A copy of the Security Agreement is attached hereto as Exhibit 2).

6. Vectra Bank perfected its security interest in the Collateral by filing a UCC-1 on July 25, 2016. (A copy of the UCC Financing Statement is attached hereto as Exhibit 3).

7. Debtor defaulted under the terms of the Note and Security Agreement by failing to make payments owed under the Note. The last payment under the Note was in December 2019.

8. As of the filing of the Petition on June 26, 2020, Debtor owed a principal balance of $38,748, plus interest and fees due under the Note. (*See* Schedule D: Section 2.6 of the Petition).

9. Debtor has no equity in the Collateral as Debtor lists the value at $32,000, which Vectra Bank agrees with, and it is a depreciable asset. Also, the Collateral is not necessary to an effective reorganization. (*See* Schedule D: Section 2.6 of the Petition).

10. No judgment has been taken in any court upon the indebtedness.

11. Vectra Bank is lawfully entitled to enforce its lien against the property under the applicable laws of the State of Colorado. Enforcement of this property right has been stayed automatically by operation of 11 U.S.C. Sec. 362(a).

12. Vectra Bank is entitled to immediate relief from stay under 11 U.S.C. Sec. 362(d)(1) to prevent irreparable injury, loss or damage from which Vectra Bank is inadequately protected. Vectra Bank is further entitled to immediate relief from stay under 11 U.S.C. Sec. 362(d)(1) since Debtor does not have any equity in the property and the property is not necessary to an effective reorganization because this is a liquidation proceeding.

13. Since there is no equity in the Collateral, Vectra Bank hereby requests that this Honorable Court lift the 14-day stay of execution imposed by Fed.R.Bank.P. 4001(a)(3).

**WHEREFORE**, Vectra Bank respectfully requests entry of an Order granting Relief from Automatic Stay to allow Vectra Bank to proceed to pursue its state law rights and remedies allowed under the Note and Security Agreement and against the Collateral, including the sale of the Collateral and application of the proceeds toward the outstanding amount owed under the Note, and for such other relief as the Court deems proper.

Dated: September 2, 2020.   Respectfully submitted,

**OVERTURF McGATH HU, P.C.**

*/s/ Jason P. Rietz*

Jason P. Rietz, #32660
625 East 16th Avenue, Suite 100
Denver, CO 80203
Counsel for Vectra Bank

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 2nd day of September, 2020, a true and correct copy of the foregoing Motion for Relief from Stay was electronically filed via the District of Colorado Document Filing System (ECF) and placed in the U.S. Mail, first class postage prepaid, addressed to:

Devon M. Barclay
Devon Barclay, PC
2435 Ingalls Street
Denver, CO 80214

Jeanne Y. Jagow
P.O. Box 271088
Littleton, CO 80127

CT Corporation
Attn SPRS
330 N. Brand Bell Suite 700
Glendale, CA 91203

Wells Fargo Bank NA
300 Tri-state International
Lincolnshire, IL 60069

Corporate Service Company as representative
PO Box 2576
Springfield, IL 62708

Crown Cork and Seal
1035 E North St
Bradley, IL 60915

EJ Enterprises
2577 E. 79th Ave
Denver, CO 80229

Declaration Brewing Company, Inc.
2030 South Cherokee Street
Denver, CO 80223

US Trustee
Byron G. Rogers Federal Building
1961 Stout Street, Suite 12-200
Denver, CO 80290

Credibly
1250 Kirts Blvd Suite 100
Troy, MI 48084

Citywide Banks
PO Box 128
Aurora, CO 80040

Zions Credit Corp
310 S. Main Suite 1300
Salt Lake City, UT 84101

Smyth Companies
1085 Snelling Ave
Saint Paul, MN 55108

/s/ Michelle Whannel
_____